NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2525
_____

MICHAEL WEINIK, D.O.

v.

TEMPLE UNIVERSITY OF THE COMMONWEALTH SYSTEM OF HIGHER
EDUCATION; TEMPLE UNIVERSITY'S LEWIS KATZ SCHOOL OF MEDICINE;
TEMPLE UNIVERSITY HOSPITAL; SHIVANI DUA; PHILLIP ACEVEDO,

Shivani Dua,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:19-cv-03503)
District Judge: Honorable Mitchell S. Goldberg

_____

Argued on September 23, 2021

Before: CHAGARES, HARDIMAN, and MATEY, *Circuit Judges*.

(Filed: December 13, 2021)

Danielle Banks [Argued]
Chelsea Biemiller
Adam D. Brown
Stradley Ronon Stevens & Young
2005 Market Street
Suite 2600
Philadelphia, PA 19103

*Counsel for Appellant*

Bruce L. Castor, Jr.
van der Veen O'Neill Hartshorn & Levin
1219 Spruce Street
Philadelphia, PA 19107

Joseph R. Heffern [Argued]
Lance Rogers
Rogers Counsel
26 East Athens Avenue
Ardmore, PA 19003

*Counsel for Appellee*

_____

OPINION[*]

_____


HARDIMAN, *Circuit Judge*.

Shivani Dua, M.D. appeals an order denying her motion to dismiss. For the reasons that follow, we will dismiss for lack of appellate jurisdiction.

I

Plaintiff Michael Weinik, D.O. is a physician and former professor at Temple University Lewis Katz School of Medicine, who worked at Temple University Hospital. Temple terminated Weinik's employment after an investigation into reports of sexual misconduct. Weinik sued Dua for defamation for making one of those reports. Dua moved to dismiss, claiming Pennsylvania's judicial proceeding privilege shielded her

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

from liability for defamation. The District Court denied the motion, holding that a factual inquiry into Dua's intent is necessary to determine whether the judicial proceeding privilege applies to her report.

Dua seeks review here under the collateral order doctrine, claiming she is entitled to absolute immunity. Because the District Court properly held that a factual inquiry is necessary to determine whether the judicial proceeding privilege applies, we lack appellate jurisdiction to consider Dua's appeal.

A

We begin with Dua's assertion that Pennsylvania law does not mandate a factual inquiry into a speaker's subjective intent before affording her protection under the judicial proceeding privilege for statements that initiated quasi-judicial proceedings. Dua maintains the District Court misread *Schanne v. Addis*, where the Pennsylvania Supreme Court held on certification of the issue from this Court that "the judicial privilege does not apply to an allegation made by an adult before commencement of any quasi-judicial proceeding and *without an intent* that it lead to a quasi-judicial proceeding." 121 A.3d 942, 952 (Pa. 2015) (emphasis added). The Court explained that "the resolution of legal issues in specific cases may depend on the facts involved." *Id.* at 951.

This case, like *Schanne*, involves sexual misconduct allegations by a former student who claims judicial proceeding immunity from a defamation suit related to that allegation. Dua, a former medical resident at the Hospital, sent an email to the graduate medical education program administrator alleging unwanted touching and sexually inappropriate comments by her attending physician, Dr. Weinik, several years earlier. In

3

her email, Dua expressed a desire to remain anonymous and explained: "I don[']t want sympathy, I just don[']t want this to happen to others." App. 224. Dua's email helped spur Temple to conduct a quasi-judicial proceeding—in which Dua did not participate—that resulted in Weinik's termination. Weinik continues to deny Dua's sexual misconduct allegations. Weinik claims Dua's email was part of a malicious, orchestrated campaign by a professional rival to weaponize relationships with former residency students to discredit Weinik.

We are unpersuaded by Dua's argument that the District Court committed legal error by interpreting *Schanne* to require a factual inquiry into her subjective intent. *Schanne* held that application of the judicial proceeding privilege depends on the speaker's subjective intent and reasoned that a factual inquiry into that intent may be necessary to apply the privilege. *See* 121 A.3d at 951. Because Dua's intent to initiate a quasi-judicial proceeding is not plain from the face of her email, the District Court did not err by requiring a factual inquiry. Indeed, Weinik alleges that Dua intended to aid Weinik's rival in an internal power struggle, not to initiate a quasi-judicial proceeding. Although Dua lodged her complaint with a program official, this fact alone is not, contrary to Dua's argument, dispositive of intent.

B

Dua's appeal is ineligible for review under the collateral order doctrine, which is a "narrow" exception to the final order requirement with "stringent" conditions. *Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994). The exception requires that an order: "[1] conclusively determine the disputed question, [2] resolve an important

4

issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Bank of Hope v. Miye Chon*, 938 F.3d 389, 393 (3d Cir. 2019) (quoting *Will v. Hallock*, 546 U.S. 345, 349 (2006)). Because the District Court's order denying Dua's motion to dismiss satisfies none of these conditions, we lack appellate jurisdiction.

The first two of these factors are not satisfied because the District Court's denial is grounded on an unresolved question of fact. While an order denying qualified or absolute immunity is immediately reviewable under the collateral order doctrine "to the extent that the order turns on an issue of law," *Giuffre v. Bissell*, 31 F.3d 1241, 1245 (3d Cir. 1994), review is "premature when there are unresolved disputes of historical fact relevant to the immunity analysis." *Curley v. Klem*, 298 F.3d 271, 278 (3d Cir. 2002). Dua's appeal is framed as a question of law—whether the District Court correctly interpreted *Schanne*— but the Court's ruling turns on an unresolved question of fact: whether Dua subjectively intended her email to the graduate medical education program administrator to initiate a quasi-judicial proceeding. Because this question remains unresolved, the District Court's order neither "conclusively determine[d] the disputed question" nor "resolve[d] an important issue completely separate from the merits of the action." *Bank of Hope*, 938 F.3d at 393.

Dua's appeal also fails to satisfy the third factor of the collateral order doctrine, which requires that an order "be effectively unreviewable on appeal from a final judgment." *Id.* (quoting *Will*, 546 U.S. at 349). For an order to be unreviewable, an appellant must demonstrate that "deferring review until final judgment so imperils the

5

interest as to justify the cost of allowing immediate appeal of the entire class of relevant orders." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108 (2009).

Dua describes the judicial proceeding privilege as an "absolute immunity" that would be irretrievably lost if we required her to await final judgment on the merits before challenging the District Court's order. Dua Br. 11 (quoting *Bochetto v. Gibson*, 860 A.2d 67, 71 (Pa. 2004)). But Dua mischaracterizes the judicial proceeding privilege. Under Pennsylvania law, it is an affirmative defense, not a broad grant of immunity. *Schanne*, 121 A.3d at 951. And Dua bears the burden of proving it. *See Rosenbloom v. Metromedia, Inc.* 403 U.S. 29, 38 (1971) ("Pennsylvania has also enacted verbatim the Restatement's provisions on burden of proof, which place the burden of proof for the affirmative defenses of truth and privilege upon the defendant.").

Dua contends that requiring her to endure discovery to establish subjective intent cannot be the holding of *Schanne*. But the Pennsylvania Supreme Court considered this very concern when it reasoned that the judicial proceeding privilege may turn on facts requiring discovery. *Schanne*, 121 A.3d at 951 ("It can hardly be the law that a plaintiff is prohibited from challenging a defense raised by the defendant because there are costs to litigating its merits."). Because the District Court's order denying Dua's motion to dismiss can be effectively reviewed after trial, the District Court's order also does not satisfy the third prong of the collateral order doctrine.

\* \* \*

For the reasons stated, we will dismiss this appeal for lack of jurisdiction.

6